UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RALPH HEBERT ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                **NO. 20-2774**

**HALLMARK COUNTY MUTUAL**                                **SECTION: H(1)**
**INSURANCE CO. ET AL.**

## ORDER AND REASONS

Before the Court is Defendant Hallmark County Mutual Insurance Company and Defendant Mugisha Logistics, LLC's Motion for Partial Summary Judgment (Doc. 31). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

This case arises out of an automobile accident. On February 18, 2020, Plaintiff Ralph Hebert was driving his vehicle northbound on Highway 61 in St. Charles Parish, Louisiana. Maloba Onyango, driving his employer's vehicle for work, was heading southbound on the same highway and allegedly made an unlawful left turn, crashing into Mr. Hebert. Onyango's employer was Defendant Mugisha Logistics, LLC. Defendant Hallmark County Mutual

1

Insurance Co. ("Hallmark County") was the vehicular liability insurer for Mugisha Logistics.

Mr. Hebert and his wife, Plaintiff Jeanne Hebert, sued Hallmark County, Mugisha Logistics, and Mr. Onyango in state court in St. Charles Parish. Defendants removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs have since dismissed Mr. Onyango from this action. In addition to a claim against Mugisha Logistics based on vicarious liability for Mr. Onyango's fault, Plaintiffs asserted other negligence claims against the company directly.[1]

Now before the Court is Defendants Motion for Partial Summary Judgment.[2] Defendants move for summary judgment with respect to Plaintiffs' negligence claims against Mugisha Logistics because the company has admitted that Mr. Onyango was at fault for the accident and that it is vicariously liable as a result. To date, Plaintiffs have not filed an opposition to Defendants' Motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] A genuine issue of

---

[1] *See* Doc. 1-2 at ¶¶ 13–23, 31–63.
[2] *See* Doc. 31.
[3] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[8] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[9] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

---

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Defendants argue that given their admission that Mr. Onyango was at fault for the subject accident and that he was in the course and scope of his employment at the time, Plaintiffs cannot maintain their claims of negligent entrustment and the like.

Having filed no opposition, Plaintiff provides no response to this argument. However, "[a] motion for summary judgment cannot be granted simply because there is no opposition."[11] "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."[12]

There is no binding precedent under Louisiana law controlling the issue raised by Defendants.[13] "If there is no ruling by the state's highest court on the specific question, the Court must make an *Erie* guess as to how the state's highest court would decide the issue."[14] Several courts, including this one, have recently engaged in making an *Erie* guess on this issue and have sided with Defendants.[15] Indeed, "[s]ections of this Court and other federal district courts

---

[11] Day v. Wells Fargo Bank Nat. Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)).
[12] *Hibernia Nat. Bank*, 776 F.2d at 1279.
[13] Wright v. Nat'l Interstate Ins. Co., No. CV 16-16214, 2017 WL 5157537, at *2 (E.D. La. Nov. 7, 2017).
[14] Thomas v. Chambers, No. CV 18-4373, 2019 WL 1670745, at *6 (E.D. La. Apr. 17, 2019).
[15] *Id.*; *Wright*, 2017 WL 5157537, at *2; Smith-Jordan v. Love, No. 19-14699, 2022 WL 226513 (E.D. La. Jan. 26, 2022); Dennis v. Collins, No. CV 15-2410, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016); Coffey v. Knight Refrigerated, LLC, No. CV 19-3981, 2019 WL 5684258, at *3 (E.D. La. Nov. 1, 2019); Franco v. Mabe Trucking Co., Inc., No. 17-871, 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); Vaughn v. Taylor, No. 18-CV-1447, 2019 WL 171697, at *3

in Louisiana have uniformly held that, when an employer is indisputably vicariously liable for the negligent acts of its employee, the plaintiff cannot also maintain a direct negligence claim against the employer."[16]

In *Thomas v. Chambers*, the plaintiff was injured in a car accident involving a tractor-trailer operated by Randall Chambers, an employee of God's Way Trucking, LLC ("God's Way").[17] The plaintiff brought claims against Chambers for his negligence and against God's Way for vicarious liability and its independent negligence for negligently hiring, training, supervising, and entrusting Chambers.[18] The court held "that plaintiffs may not maintain both a direct negligence claim against God's Way and a claim that God's Way is vicariously liable for Chambers's negligence, because God's Way readily admits that it is vicariously liable for Chambers's alleged negligence."[19] In so holding, the court made an *Erie* guess in reliance on the Louisiana Third Circuit Court of Appeal's decision in *Libersat v. J & K Trucking, Inc.*[20] In *Libersat*, the appellate court held that the district court did not err in failing to instruct the jury on the employer's duty regarding hiring and training when it "equated *respondeat superior* to all possible theories of recovery."[21] The court explained that:

---

(W.D. La. Jan. 10, 2019); Wilcox v. Harco Int'l Ins., No. CV 16-187, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017).
[16] Pigott v. Heath, No. CV 18-9438, 2020 WL 564958, at *3 (E.D. La. Feb. 5, 2020) (cases cited therein).
[17] *Thomas*, 2019 WL 1670745, at *1.
[18] *Id.*
[19] *Id.* at *7.
[20] 772 So. 2d 173 (La. App. 3 Cir. 2000).
[21] *Id.* at 179.

> If Mr. Mitchell [the employee] breached a duty to the Appellants, then Patterson [his employer] is liable under the theory of respondeat superior. If Mitchell did not breach a duty to the Appellants then no degree of negligence on the part of Patterson in hiring Mitchell would make Patterson liable to the Appellants.[22]

The logic of *Libersat* is even clearer in the case at hand because Mugisha Logistics has admitted not only its vicarious liability but also Mr. Onyango's fault. Accordingly, the Court grants summary judgment with respect to Plaintiff's direct negligence claims against Mugisha Logistics.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment on Maintenance and Cure (Doc. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' direct negligence claims against Mugisha Logistics are **DISMISSED WITH PREJUDICE**.[23]

New Orleans, Louisiana this 31st day of May, 2022

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[22] *Id.*
[23] These claims include counts II, III, and V from Plaintiffs' Petition. *See* Doc. 1-2.