UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RALPH HEBERT ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2774** |
| **HALLMARK COUNTY MUTUAL INSURANCE CO. ET AL.** | **SECTION: H(1)** |

### ORDER AND REASONS

Before the Court is Defendant Hallmark County Mutual Insurance Company and Defendant Mugisha Logistics, LLC's Motion for Partial Summary Judgment on Loss of Future Earnings Capacity/Future Lost Wage Claims (Doc. 33). For the following reasons, this Motion is **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

This case arises out of an automobile accident. On February 18, 2020, Plaintiff Ralph Hebert was driving his vehicle northbound on Highway 61 in St. Charles Parish, Louisiana. Maloba Onyango, driving his employer's vehicle for work, was heading southbound on the same highway and allegedly made an unlawful left turn, crashing into Mr. Hebert. Onyango's employer was Defendant Mugisha Logistics, LLC. Defendant Hallmark County Mutual

Insurance Co. ("Hallmark County") was the vehicular liability insurer for Mugisha Logistics.

Mr. Hebert and his wife, Plaintiff Jeanne Hebert, sued Hallmark County, Mugisha Logistics, and Mr. Onyango in state court in St. Charles Parish. Defendants removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs have since dismissed Mr. Onyango from this action. Plaintiffs seek a variety of damages from Defendants, including "future loss of income, wages, benefits and other compensation."[1] Mr. Hebert works as a mechanic for Duhon Machinery.

Now before the Court is Defendants' Motion for Partial Summary Judgment on Loss of Future Earnings Capacity/Future Lost Wage Claims.[2] Defendants move for summary judgment with respect to Plaintiffs' claims for future lost wages and for future lost earning capacity. Plaintiffs oppose.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

---

[1] *See* Doc. 1-2, ¶ 64(b).
[2] *See* Doc. 33.
[3] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[8] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[9] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

---

[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

"To obtain an award for future loss of wages and/or loss of earning capacity, a plaintiff must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident."[11] Additionally, a plaintiff seeking such an award must prove "by a preponderance of the evidence, that his ability to earn a living is impaired."[12] "Future loss of earnings is inherently speculative, and must be proved with a reasonable degree of certainty; purely conjectural or uncertain future loss [sic] earnings will not be allowed."[13]

Defendants argue that "Plaintiffs have presented no evidence showing that Mr. Hebert has sustained a residual disability from the subject accident which either prevents him from working or reduces his income earning capacity by any amount."[14] Because of this lack of evidence, the Court should grant summary judgment dismissing Plaintiffs' claims for future loss of income and earning capacity, according to Defendants.

In response, Plaintiffs argue that Mr. Hebert's right shoulder was injured in the accident at issue and that one of his treating physicians, Dr.

---

[11] Aisole v. Dean, 574 So. 2d 1248, 1252 (La. 1991) (citing Bize v. Boyer, 408 So. 2d 1309 (La. 1982); Naman v. Schmidt, 541 So. 2d 265 (La. App. 4 Cir. 1989); Holman v. Reliance Ins. Co., 414 So. 2d 1298 (La. App. 2 Cir. 1982), *writ denied*, 420 So. 2d 164 (La. 1982)).

[12] Branan v. Allstate Ins. Co., 761 So. 2d 612, 616 (La. App. 5 Cir. 2000) (citing Pierce v. Milford, 699 So. 2d 1093 (La. App. 3 Cir. 1996)); *see also* Toth v. Calcasieu Par., No. 06–998, 2009 WL 194058, at *2 (W.D. La. Jan. 23, 2009) ("A plaintiff must present evidence that shows his disability either prevents him from working, or reduces his income earning capacity, in order to receive damages for loss of future income.").

[13] *Branan*, 761 So. 2d at 616 (citing Young v. La. Medical Mut. Ins. Co., 725 So. 2d 539, 544 (La. App. 5 Cir. 1998)).

[14] Doc. 33-1 at 3.

Robert Bostick, recommended both surgery and a post-operative regimen of physical therapy.[15] Mr. Hebert alleges that he has not yet had this surgery due to his treating for other injuries caused by the accident. Mr. Hebert intends to undergo the recommended shoulder surgery in the future. Therefore, Plaintiffs contend that a claim for future loss of income is justified by evidence that Mr. Hebert will be out of work for some period during his surgery and physical therapy.

The Court agrees with Plaintiffs that there is at least a genuine issue of material fact as to whether Mr. Hebert will suffer lost future income because of injuries allegedly caused by the accident. Plaintiffs present evidence that Dr. Bostick recommended post-operative physical therapy at a rate of two to three sessions per week for six months.[16] Further, Defendants' own expert, Dr. Michael McNulty, advised Mr. Hebert to participate in physical therapy two times a week for three to six months.[17] Thus, there is a genuine dispute as to whether Mr. Hebert's shoulder injury and subsequent surgery will impair his ability to earn a living for at least some period of time in the future.

However, Plaintiffs' evidence presented does not create an issue of fact with respect to lost future earning *capacity*. "In Louisiana, earnings are not earning capacity, and lost future income is not lost future earning capacity."[18] As the Louisiana Supreme Court has explained:

---

[15] *See* Doc. 41 at 3.
[16] *See* Doc. 41-3 at 2.
[17] *See* Doc. 41-9 at 2.
[18] Bland v. Green, NO. 2019-C-0550, 2019 WL 2710128, at *7 (La. App. 4 Cir. 2019).

> Earning capacity in itself is not necessarily determined by actual loss; damages may be assessed for the deprivation of what the injured plaintiff could have earned despite the fact that he may never have seen fit to take advantage of that capacity. The theory is that the injury done him has deprived him of a capacity he would have been entitled to enjoy even though he never profited from it monetarily.[19]

Here, Defendants seek to dismiss Plaintiffs' claims for both lost future income and lost future earning capacity. Regarding capacity, they argue that one of Mr. Hebert's doctors who treated his back, Dr. Peter Leichty, released him to return to full work under light duty restrictions about six months after his back surgery.[20] According to Defendants, there is no evidence that Mr. Hebert's injuries will reduce his earning capacity in the future.

Plaintiffs do not present any evidence that indicates any impact on Mr. Hebert's future earning capacity. All of Plaintiffs' evidence speaks either to Mr. Hebert's need for physical therapy after his shoulder surgery or to his earnings in the past in order to calculate his lost income during the period of therapy. The Court has not been presented with testimony or other evidence indicating that once Mr. Hebert is finished with physical therapy, he will not be able to accomplish the same work to the same extent as he could prior to the accident at issue. Thus, there is no genuine dispute as to Mr. Hebert's future earning capacity, although there is as to his future income. Accordingly, the Court grants summary judgment in part to Defendants.

---

[19] Folse v. Fakouri, 371 So. 2d 1120, 1124 (La. 1979).
[20] *See* Doc. 33-8.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment on Loss of Future Earnings Capacity/Future Lost Wage Claims (Doc. 33) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for future earning capacity are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 2nd day of June, 2022

**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**